GALT v. DEPARTMENT OF LABOR AND INDUSTRY.

1. OFFICERS—CIVIL SERVICE AMENDMENT—PERMANENT STATUS.
    Plaintiff who was transferred in the State civil service after constitutional amendment pertaining thereto became effective did not come within rules of the civil service commission entitling State employees to permanent status (Const. 1908, art. 6, § 22, as added in 1940).

2. SAME—CIVIL SERVICE AMENDMENT—PREVIOUS LEGISLATION—COMMISSIONS, OFFICIAL ACTS SUPERSEDED.
    The civil service amendment to the Constitution superseded all the previous legislative civil service acts and wiped out previous commissions and their official acts (Const. 1908, art. 6, § 22, as added in 1940; Act No. 346, Pub. Acts 1937, as amended).

3. SAME — HEARINGS REFEREE — PERMANENT STATUS — TEMPORARY ORDERS.
    Plaintiff who became a hearings referee in the department of labor and industry after the civil service amendment to the Constitution became effective was not entitled to permanent status as such without taking and passing a competitive examination therefor; hence orders reinstating him to such position prior to taking such examination were temporary orders excusable on the ground that the civil service commission was trying to get out of the difficulty caused by adoption of the amendment (Const. 1908, art. 6, § 22, as added in 1940).

4. SAME—HEARINGS REFEREE—CERTIFICATION FOR CIVIL SERVICE.
    Plaintiff who acquired temporary status as hearings referee in department of labor and industry after civil service amendment was added to Constitution and who was entitled to a certain number of points because of the fact he was an ex-service man and because of experience in the position was not entitled to reinstatement therein after placing twenty-second in competitive examination to fill four positions where the addition of such points to those received would not entitle him to permanent status as such referee.

5. SAME—HEARINGS REFEREE—POLITICAL MANIPULATION—EVIDENCE.
   Claim that because a commissioner of the department of labor
   and industry advised plaintiff, seeking reinstatement to status
   as hearings referee in the department, to get in touch with the
   governor and another individual, plaintiff was accorded under-
   handed treatment *held*, not substantiated under record pre-
   sented which fails to show the facts and motives involved in
   supposed instance of political manipulation or effort.

6. MANDAMUS—HEARINGS REFEREE—SALARY.
   Mandamus requiring department of labor and industry to rein-
   state plaintiff as a hearings referee is denied where he failed
   to place high enough in register of qualified persons eligible to
   fill the four positions even if allowance were made for certain
   alleged irregularities; plaintiff being entitled to salary to date
   of last valid separation from payroll.

Petition by Leland L. Galt for writ of mandamus
to require the Department of Labor and Industry, its
chairman and commissioners, and the Auditor Gen-
eral and Treasurer of the State of Michigan to rein-
state him as compensation hearings referee III.
Michigan State Civil Service Commission intervened
as a party defendant. Submitted October 10, 1944.
(Calendar No. 42,307.) Writ denied November 30,
1944. Rehearing denied February 20, 1945.

*Gillard & Gillard (Samuel H. Himelstein,* of coun-
sel), for plaintiff.

*Robert H. Dunn,* for intervener.

REID, J. Plaintiff petitions for mandamus requir-
ing the department to reinstate him as compensation
hearings referee III as an employee in the depart-
ment of labor and industry. He cites the State civil
service amendment to the State Constitution (1908),
art. 6, § 22, effective January 1, 1941.

His appointment as such referee occurred Febru-
ary 17, 1941, after the effective date of the amend-

ment. He is not within rule 2 A or rule 2 B adopted by the State civil service commission. The constitutional amendment and said rules are referred to in the case of *Reed* v. *Civil Service Commission,* 301 Mich. 137, at pp. 145–147, as to employees who were in the service of the State on January 1, 1941. On pp. 155, 156, of that decision this Court said:

"This amendment, for the first time, sets up a definite standard for determining qualifications for State employment. No express provision is made whereby the present commission succeeds to the powers and duties of former commissions. The present commission started with a clean slate. The amendment itself is a definite mandate that the qualifications of all persons in State civil service shall be determined by competitive performance exclusively on the basis of merit, efficiency and fitness. There is an inhibition against removals from or demotions in the State civil service for partisan, racial, or religious considerations. The new commission had to look only to the amendment itself for its powers, duties and limitations. All previous legislative acts were superseded. Previous commissions and their official acts were wiped out.

"The promulgation of rules 2 A, 2 B, and 2 C by the commission may well be considered as having been necessary, or even indispensable, at the beginning, for use pending sufficient time and opportunity for more detailed action to effectuate the intent of the amendment. The commission is not to be criticized for adopting means at the outset which might or might not ultimately prove to be of value and subject to later change in the light of further experience after opportunity for more deliberate consideration."

The State civil service commission intervenes and defends its action terminating plaintiff's employ-

ment on September 22, 1942, as the necessary and proper result of the civil service commission's regular examination held August 21, 1942.

Intervener's statement of facts is as follows:

"Petitioner Leland L. Galt, prior to February 17, 1941, held the position of branch manager for the office of the secretary of State in Grand Rapids, Michigan. On this date he was transferred to the department of labor and industry as executive I. On February 17, 1941, he was provisionally appointed by the department of labor and industry as compensation hearings referee III. This reclassification was approved by the State civil service commission on February 27, 1941.

"On July 28, 1941, the nomination of Leland L. Galt for provisional appointment as compensation hearings referee III was disapproved by the State civil service commission for lack of minimum requirements. The last date for payment of salary was to be August 8, 1941.

"On August 1, 1941, the department of labor and industry was notified by the civil service commission that the termination date of the provisional appointment of petitioner Leland L. Galt would be extended to August 30, 1941.

"The department of labor and industry separated Leland L. Galt as a compensation hearings referee III under date of September 1, 1941, and on September 23, 1941, the matter was appealed to the hearing board of the State civil service commission. Said hearing board, on October 23, 1941, after a hearing duly noticed and held, ordered Leland L. Galt reinstated as. a provisional compensation hearings referee III to his position as of November 1, 1941. The department of labor and industry did not comply with the order of the hearing board, but dismissal proceedings were instituted by said department against Leland L. Galt as of November 26, 1941. On

December 30, 1941, the dismissal charges were heard by the State civil service commission and the reinstatement of Leland L. Galt was ordered.

"An appeal was taken from the order of the State civil service commission and, finally, on September 3, 1942, the commission ordered the reinstatement of petitioner Leland L. Galt. The department of labor and industry reinstated said Leland L. Galt as of September 8, 1942.

"The State civil service commission, in conducting its examinations for all classes of positions inaugurated, in February, 1941, listed the examination for hearings referee III for August 21, 1942. This examination was announced weeks before it was held as an 'open competitive' examination for the position in question. It was advertised as such all over the State and was so regarded, conducted and scored. There was never any mention made of a 'promotional' examination.

"Petitioner Leland L. Galt participated in this 'open competitive' examination, in which 26 passed and were placed on a register for this class of position. Petitioner was number 22 on the register. The results of this examination were not announced until September 21, 1942, when the department of labor and industry and all concerned were notified. The department of labor and industry had four positions to fill, and the name of petitioner was not sufficiently high on the register to be certified for appointment. This being the case, the name of Leland L. Galt, following the application of the results of said examination and his standing on the register, was removed from the payroll because of the action of the State civil service commission on September 22, 1942, 14 days after said Leland L. Galt had been restored to his position as a result of a decision of the said civil service commission."

These statements are supported by the documents and records in evidence.

Plaintiff Galt contends that the examination he took on August 21, 1942, was a promotional and not a competitive examination, in which he passed high enough to qualify him for consideration, and further claims he was entitled to continue in his position regardless of the number of other persons then examined who passed higher than himself. Temporary and promotional appointments are mentioned in Act No. 346, Pub. Acts 1937, which act was rendered of no further effect on January 1, 1941, when the constitutional amendment became effective.

That constitutional amendment (Art. 6, § 22, adopted November 5, 1940) required the commission to "determine by competitive performance exclusively on the basis of merit, efficiency and fitness the qualifications of all candidates for positions in the State civil service, make rules and regulations covering all personnel transactions, and regulate all conditions of employment in the State civil service. No person shall be appointed to or promoted in the State civil service who has not been certified as so qualified for such appointment or promotion by the commission."

The actions of the civil service commission on which plaintiff relies, taken and made on February 27, 1941, October 23, 1941, December 30, 1941, and September 3, 1942, must be considered as temporary orders. None of such orders was made on "competitive performance" required by the Constitution and can only be excused on the ground that the commission was trying to get out of the difficulties and confusion into which the State public service was introduced upon the adoption of the amendment.

We consider it proper and necessary that the commission required the plaintiff to undergo a competitive examination. Plaintiff's theory is that he was

entitled to remain in his position if he passed an examination sufficiently high to qualify him regardless of the fact that he was twenty-second in the examination and only four persons were to be appointed. Our finding is against this theory.

Plaintiff further complains that he was not accorded 10 points as an ex-service man. It seems he was required by the rules of the commission to submit one of five forms setting forth his claim for such 10 points but that he submitted only a "discharge from draft" which would not conform to the rule.

Plaintiff's further claim to two points for State service as postmaster in the legislature (which the commission claims would be for 11 months) would not bring him to the requisite place on the register of persons examined and found eligible. Nor would allowance of the 10 points before spoken of plus these two additional points bring him into such position.

Plaintiff claims underhanded treatment accorded him by the following at the end of a letter from Mr. Gibson, November 7, 1941, "I have discussed your case with the governor and Ron Seeley, and I advise you to get in touch with them." Plaintiff claims this was a violation of the Constitutional amendment against partisan considerations. It may have been intended as a suggestion for an ulterior political motive contrary to the amendment or, on the other hand, the purpose may have been laudable. The facts and motives involved in this supposed instance of political manipulation or effort are not given in this record and we are not to construe these words as a violation without further showing.

There is no sufficient reason for ignoring or setting aside the competitive examination for claimed irregularities. Plaintiff's possible advancement on

the list could not be sufficient to change the result in this case.

The amount of back pay claimed by plaintiff to September 8, 1942, is $2,533. While this is not opposed by the intervener, we must not overlook the action of the civil service commission of July 28, 1941, disapproving, for lack of minimum requirements, plaintiff's provisional appointment with last date for payment of salary set for August 8, 1941, later extended to August 30, 1941. When the department of labor and industry separated petitioner on September 1, 1941, that action was justifiable and must be sustained. The subsequent restoration orders by the civil service commission were not founded on any competitive performance and are void.

The petition for a writ of mandamus requiring the department of labor and industry to reinstate plaintiff Galt to his position as hearings referee III is denied. Plaintiff's salary was payable to September 1, 1941, and no salary is allowable after that date. Costs are allowed to defendants.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, SHARPE and BOYLES, JJ., concurred.